IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| IHC HEALTH SERVICES, INC., dba INTERMOUNTAIM MEDICAL CENTER,<br><br>Plaintiff,<br>v.<br><br>HILTON DOMESTIC OPERATING COMPANY. INC. and ANTHEM HEALTH PLANS OF VIRGINIA, INC.,<br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING [27] MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**<br><br>Case No. 2:17-cv-1286<br><br>District Judge David Nuffer |

Plaintiff, IHC Heath Services, Inc. ("IHC") filed a Motion for Leave to File Second Amended Complaint under Fed. R. Civ. P. Rule 15(a), to substitute plan beneficiary W.S. as the plaintiff in this ERISA action.[1] Defendants Hilton Domestic Operating Company, Inc. and Anthem Heath Plans of Virginia, Inc. oppose the Motion.[2] For the reasons set forth below, the Motion for Leave to File Second Amended Complaint is GRANTED.

## BACKGROUND

W.S. was treated at IHC's Intermountain Medical Center from October 5, 2014 through October 9, 2014.[3] Upon release, W.S. assigned his benefits to IHC for all claims related to W.S.'s treatment at Intermountain Medical Center.[4] IHC submitted a claim for payment to

---

[1] Motion for Leave to File Second Amended Complaint ("Motion for Leave"), docket no. 27, filed March 7, 2018.

[2] Anthem Heath Plans of Virginia, Inc.'s Memorandum in Opposition to Motion for Leave to File Second Amended Complaint (Anthem's Memorandum in Opposition), docket no. 31, filed under seal March 14, 2018 and Notice of Joinder in Defendant Anthem Health Plans of Virginia, Inc.'s Memorandum in Opposition to Motion for Leave to File Second Amended Complaint, docket no. 32, filed March 14, 2018.

[33] Defendant Hilton Domestic Operating Company, Inc.'s Notice of Removal of Civil Action, Exhibit 1, First Amended Complaint, 16–19, docket no. 2, filed December 13, 2017.

[4] *Id.* at 15, ¶ 5.

Defendants for $56,927.00.[5] Defendants paid IHC $26,367.19.[6] With a remaining balance of $30,559.81, IHC filed this action under 29 U.S.C. § 1132(a)(1)(B) against Defendants to recover the remainder of costs owed to it. On December 6, 2017, Defendants sent IHC a copy of W.S.'s benefit plan ("the Plan"), which contains an anti-assignment provision.[7] Upon learning about the anti-assignment provision, IHC filed this Motion to substitute W.S., the Plan beneficiary, as the plaintiff.[8]

## DISCUSSION

Defendants argue that an amendment substituting W.S. as the plaintiff would be futile for two reasons: (1) the statute of limitations has expired and the relation back of amendments provision of Rule 15(c) does not apply;[9] and (2) IHC unduly delayed in seeking the amendment. Neither of these arguments is persuasive.

The Plan establishes that any legal action must be brought 3 years and 90 days after the last day of treatment was received.[10] Defendants contend this limitations period expired January 7, 2018[11] and that IHC's Motion, filed on March 7, 2018, is untimely.[12] Defendants further contend that Rule 15(c) cannot apply to cure the expiration of this limitations period through

---

[5] *Id.* at 19, ¶ 26.

[6] *Id.* at 19, ¶¶ 28, 29.

[7] Anthem's Memorandum in Opposition, 3, ¶ 10.

[8] Reply to Anthem Health Plans of Virginia, Inc.'s Memorandum in Opposition to Motion for Leave to File Second Amended Complaint ("Plaintiff's Reply Memorandum"), 4–5, docket no. 34, filed March 19, 2018.

[9] Anthem's Memorandum in Opposition, 4–11.

[10] *Id.* at 4–5.

[11] *Id.* at 5.

[12] Anthem's Memorandum in Opposition, 5. Defendants also argue that the Motion is untimely because the period for W.S. to file a claim expired 90 days after treatment. *Id.* This argument is also not persuasive because the Amended Complaint alleges that a claim was submitted for W.S.'s treatment and was paid. First Amended Complaint, ¶ 28.

relation back because IHC does not share a sufficient identity of interest with W.S.[13] and because W.S.'s claim "does not arise out of the same conduct, transaction or occurrence."[14] IHC argues that the Motion was timely filed to ensure that the proper party is bringing this action[15] and that because"[a]ll of the facts of the case are the same . . . Defendants are arguing against the same claims for payments of benefits for the same treatment[,]"[16] the relation back doctrine applies.

The Tenth Circuit has held that "[w]hen the substitution of a plaintiff by amendment *does not change the claim or cause of action*, the amendment relates back to the commencement of the action or the filing of the claim and stops the running of the statute of limitations at that point."[17] Here, if W.S. was substituted for IHC as the plaintiff, the cause of action and claims would remain unchanged from the First Amended Complaint.[18] Therefore, IHC's Motion to substitute W.S. as the plaintiff by amendment relates back to the original filing date under Rule 15(c) and is not barred by the statute of limitations.

Defendants also assert that IHC unduly delayed filing Motion.[19] Under FED. R. CIV. P. Rule 15(a)(2), "[a] party may amend its pleading only with the opposing party's written consent or the court's leave."[20] Furthermore, "[t]he court should freely give leave when justice so requires."[21] "In the absence of any apparent or declared reason—such as undue delay … the

---

[13] *Id.* at 9–10.

[14] *Id.* at 10.

[15] Motion for Leave, 2.

[16] Plaintiff's Reply Memorandum, 3.

[17] *Fidelity & Deposit Co. of Md. v. Fitzgerald*, 272 F.2d 121, 129–30 (10th Cir. 1959) (emphasis added); see also *Wells Fargo Bank, N.A. v. Hous. Found.*, 2011 WL 1833378 at *4 (N.D. Okla. May 6, 2011).

[18] Exhibit Second Amended Complaint ("Exhibit Second Amended Complaint"), Attachment 2 to Motion for Leave.

[19] Anthem's Memorandum in Opposition, 11–12.

[20] FED. R. CIV. P. 15(a)(2).

[21] *Id.*

leave sought should, as the rules require, be freely given."[22] The Tenth Circuit has held that "the denial of leave to amend is appropriate 'when the party filing the motion has no adequate explanation for the delay.'"[23]

After being made aware of the anti-assignment provision, IHC made diligent efforts to ensure that the complaint was corrected. Indeed, Defendants have been on notice of IHC's intent to substitute W.S. as the plaintiff since December 19, 2017,[24] before the expiration of the limitations period in January. The docket shows that multiple extensions of time were granted in order to facilitate the parties' active discussions regarding IHC's intention to substitute W.S. as the plaintiff.[25] The failure of the parties' discussions regarding this substitution is what led to filing the Motion.[26] These events more than adequately explain IHC's "delay" in filing the motion. Justice requires granting IHC's Motion.

---

[22] *Foman v. Davis*, 371 U.S. 178, 182 (1962) (internal quotations omitted); see also *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006).

[23] *Minter*, 451 F.3d at 1206 (quoting *Frank v. U.S. West*, 3 F.3d 1357, 1365–66 (10th Cir. 1993)).

[24] Plaintiff's Reply Memorandum, 5.

[25] Stipulated Motion for Extension of Time for Anthem Health Plans of Virginia, Inc. to Answer or Otherwise Respond to the Complaint, docket no. 7, filed December 21, 2017; Stipulated Motion for Extension of Time for Anthem Health Plans of Virginia, Inc. to Answer or Otherwise Respond to the Complaint, docket no. 13, filed January 12, 2018; Stipulated Motion for Extension of Time for Anthem Health Plans of Virginia, Inc. to Answer or Otherwise Respond to the Complaint, docket no.21, filed February 2, 2018; Stipulated Motion to Extend Date of Initial Pretrial Conference, docket no. 23, filed February 2, 2018; Stipulated Motion for Extension of Time for Hilton Domestic Company, Inc. to Answer or Otherwise Respond to the Complaint, docket no. 25, filed February 27, 2018.

[26] Plaintiff's Reply Memorandum, 5; Anthem's Memorandum in Opposition, 13, n. 8.

## ORDER

IT IS HEREBY ORDERED that Plaintiff's Motion for Leave to File Second Amended Complaint[27] is GRANTED.

Signed September 26, 2018.

BY THE COURT

David Nuffer
United States District Judge

---

[27] Motion for Leave to File Second Amended Complaint ("Motion for Leave"), docket no. 27, filed March 7, 2018.